UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT P. GONZALEZ, JR.,

DECISION AND ORDER

                              Plaintiff,

16-CV-6393L

                    v.

RODERIC HUNT, et al.,

                              Defendants.

_____

## BACKGROUND

Plaintiff Ronald P. Gonzalez, Jr., appearing *pro se*, commenced this action under 28

U.S.C. § 1983.   Plaintiff alleged that the five defendants, who at all relevant times were

employees of the New York State Department of Corrections and Community Services, had

violated plaintiff's federal civil rights in certain respects while he was confined at the

Chautauqua (N.Y.) County Jail.

Defendants appeared in the action, with four defendants represented by one attorney, and

the fifth by another.  Pretrial proceedings ensued, and for some time, plaintiff continued to

participate in the case and to communicate with the Court.  *See*, *e.g.*, Dkt. #26, #27.

In separate motions filed on November 30 and December 4, 2017, defendants moved to

dismiss the complaint for failure to prosecute.  (Dkt. #39, #40.)  Defendants' motions were

largely based on plaintiff's failure to comply with this Court's order issued on September 15,

2017, by Magistrate Judge Jonathan W. Feldman, directing plaintiff to submit certain documents

and provide certain information to defendants no later than October 31, 2017. (Dkt. #34.)

Plaintiff was also directed to notify the Court of his then-current address and telephone number.

Plaintiff never responded to that order.

On December 4, 2017, the Court entered a text order (Dkt. #41) giving plaintiff until

January 19, 2018 to respond to defendants' motions to dismiss. The Court expressly warned

plaintiff that "THE CLAIMS PLAINTIFF ASSERTS IN HIS COMPLAINT MAY BE

DISMISSED WITHOUT A TRIAL IF HE DOES NOT RESPOND TO THESE MOTIONS ... ."

*Id.*

A copy of that order was mailed to plaintiff at his address of record, based on his most

recent change of address submitted in September 2016 (Dkt. #27). That copy was returned to the

Court as undeliverable. (Dkt. #42.) Plaintiff has not communicated with the Court since

submitting that change of address, some two and a half years ago.

## DISCUSSION

Dismissal is clearly warranted here. Rule 41(b) of the Federal Rules of Civil Procedure

provides in part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court

order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal

order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the

merits." In addition, Rule 41.2 of the Local Rules for the Western District of New York provides

that in a civil case in which no action has been taken by the parties in six months, "the Court may

order the parties to show cause why the action should not be dismissed for failure to prosecute."

If the parties fail to respond to the order, the court may dismiss the action for failure to prosecute.

It would be pointless here to send such an order to plaintiff, since he apparently is no longer receiving mail at the most recent address that he provided to the Court. In that regard, I note that *pro se* litigants are required by the Local Rules to furnish the Court with a current address at all times. Local Rule 5.2(d) expressly provides that "[f]ailure to do so may result in dismissal of the case with prejudice."

The Second Circuit has directed district courts to consider five factors, none of which is dispositive, in deciding whether to dismiss an action for failure to prosecute: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Those factors weigh in favor of dismissal here. Plaintiff has clearly ceased to take any steps to prosecute this case, and the Court has been effectively prevented from warning him that this action is subject to dismissal because of his own failure to keep the Court apprised of his address. Under these circumstances, I see no reason to require defendants or the Court to continue to expend any further time or effort in this case. Defendants' motions are therefore granted.

## CONCLUSION

Defendants' motions to dismiss (Dkt. #39, #40) are granted, and the complaint is dismissed.

IT IS SO ORDERED.


_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      April 13, 2018.